UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, 15th Fl.
White Plains, New York 10601
(914) 328-0404
Mary A. Smith (MS 9933)
Penny Ann Lieberman (PL 3272)
Attorneys for Defendant

------------------------------------------------------------X
LISA ZALTZ,

                Plaintiff,

    -against-                       08 Civ. 11225 (DAB)

WELLS FARGO HOME MORTGAGE,      **ANSWER/RESPONSIVE PLEADING**

                Defendant.
------------------------------------------------------------X

## ANSWER

Defendant, Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. (hereinafter "Defendant Wells Fargo, incorrectly named herein as "Wells Fargo Home Mortgage"), by and through its attorneys, Jackson Lewis LLP, for its Answer/Responsive Pleading to Plaintiff's Summons With Notice plus attachment herein, states as follows:

    1.    Defendant denies each and every allegation set forth in the unnumbered paragraphs of Plaintiff's attachment to the Summons With Notice entitled "Complaint", except admits that: (1) Plaintiff was employed by Defendant as a Home Mortgage Associate pursuant to a written employment contract dated September 3, 2002; (2) Plaintiff voluntarily resigned from her employment by letter dated September 18, 2002; and (3) Pursuant to the written employment contract, Plaintiff was employed by Defendant on an at-will basis at all times.

## FIRST AFFIRMATIVE DEFENSE

2. Plaintiff should be required to submit a formal Complaint in accordance with Fed. R. Civ. Proc. 8(a)(1)-(3) setting forth the basis for the Court's jurisdiction, her specific claims and demands for relief.

## SECOND AFFIRMATIVE DEFENSE

3. Plaintiff's Summons With Notice plus attachment should be dismissed because it fails to state a claim, in whole or in part, upon which relief could be granted.

## THIRD AFFIRMATIVE DEFENSE

4. Plaintiff's Summons With Notice plus attachment fails to state a claim, in whole or in part, upon which compensatory or punitive damages may be awarded.

## FOURTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, because she has failed to satisfy jurisdictional prerequisites prior to filing such claims.

## FIFTH AFFIRMATIVE DEFENSE

6. At all times relevant hereto, Defendant Wells Fargo acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

## SIXTH AFFIRMATIVE DEFENSE

7. Defendant Wells Fargo's actions regarding Plaintiff were at all times based upon legitimate, non-discriminatory reasons unrelated to Plaintiff's gender, religion, or any other protected characteristic which may be applicable to her claims.

**SEVENTH AFFIRMATIVE DEFENSE**

8. Plaintiff has failed to make diligent and good faith efforts to mitigate her damages, if any, and as such, is not eligible to receive lost wages and/or other relief.

**EIGHTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

10. If the decisions of Defendant Wells Fargo regarding Plaintiff were discriminatory, which is denied, Defendant Wells Fargo is not liable for punitive damages because such decisions are contrary to Defendant Wells Fargo's good faith efforts to comply with all relevant state, local and federal laws.

**TENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's negligence and tort claims are barred, in whole or in part, by the exclusive remedy provisions of the New York Workers' Compensation Law.

**ELEVENTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims for alleged sexual harassment/harassment are barred, in whole or in part, and/or any recovery of damages is precluded because Defendant Wells Fargo exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or harassing behavior.

**TWELFTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims for alleged sexual harassment/harassment are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant Wells Fargo's preventive corrective opportunities or to avoid harm otherwise.

### THIRTEENTH AFFIRMATIVE DEFENSE

14. Even if Plaintiff could prove that any protected characteristic was a factor in any employment decision, Defendant Wells Fargo would have made the same employment decision(s).

### FOURTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's breach of contract claim is barred, in whole or in part, by the Statute of Frauds.

### SIXTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's action is barred because of improper service of process upon Defendant Wells Fargo under New York CPLR §311.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18. Punitive damages are not recoverable in a breach of employment contract action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19. Damages for emotional distress, mental anguish, embarrassment and humiliation are not recoverable in a breach of contract action.

WHEREFORE, Defendant Wells Fargo respectfully requests this Court to:

1. Order Plaintiff to file and serve a Complaint pursuant to Fed. R. Civ. Pro. 8 (a)specifying jurisdiction, claims for relief and damages;

2. Dismiss Plaintiff's Summons With Notice plus attachment and all claims for relief set forth therein with prejudice;

3. Deny each and every demand for relief as set forth in Plaintiff's Summons With Notice plus attachment ; and

4. Grant such other and further relief as this Court may find to be just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this action.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, 15th Floor
White Plains, New York 10601-2305
(914) 328-0404

By: *Mary A. Smith*
Mary A. Smith (MS 9933)
Penny Ann Lieberman (PL 3272)

ATTORNEYS FOR DEFENDANT
WELLS FARGO HOME MORTGAGE,
A DIVISION OF WELLS FARGO BANK
N.A.

Dated: January 6, 2009
White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, 15th Fl.
White Plains, New York 10601
(914) 328-0404
Mary A. Smith (MS 9933)
Penny Ann Lieberman (PL 3272)
Attorneys for Defendant

----------------------------------------------------------------X

LISA ZALTZ,

                Plaintiff,

    -against-                              08 Civ. 11225 (DAB)

WELLS FARGO HOME MORTGAGE,

                Defendant.

----------------------------------------------------------------X

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that a true and correct copy of Defendant's Answer/Responsive Pleading has been served via Federal Express overnight delivery and First Class mail, postage pre-paid, on January 6, 2009 on *Pro Se* Plaintiff at the address listed below:

Lisa Zaltz
124 Fulton Street
Lawrence, New York 11553
Plaintiff *Pro Se*

*[signature]*
Mary A. Smith (MS 9933)

ATTORNEYS FOR DEFENDANT
WELLS FARGO HOME MORTGAGE,
A DIVISION OF WELLS FARGO BANK
N.A.